**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE,<br>Plaintiff,<br><br>v.<br><br>JONATHAN ROSEN,<br>Defendant,<br><br>-and-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S,<br>LONDON; TENECOM LIMITED; THE DOMINION<br>INSURANCE COMPANY LIMITED; ST.<br>KATHERINE INSURANCE COMPANY LIMITED;<br>LONDON & EDINBURGH GENERAL INS. CO.<br>LTD.; BISHOPSGATE INSURANCE LIMITED;<br>NATIONAL CASUALTY COMPANY; NATIONAL<br>CASUALTY CO. OF AMERICA LIMITED,<br>Intervenors-Defendants. | Case No.<br><br><br>(Removed from the Supreme Court<br>of New York, New York County,<br>Index No. 650475/2026) |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, and 9 U.S.C. §§ 203 and 205,

Intervenors-Defendants Certain Underwriters at Lloyd's London; Tenecom Limited; The

Dominion Insurance Company Limited; St. Katherine Insurance Company Limited; London &

Edinburgh General Ins. Co. Ltd.; Bishopsgate Insurance Company Limited; National Casualty

Company; and National Casualty Co. of America Limited (collectively "**Reinsurers**") hereby

remove to this Court the case that Truck Insurance Exchange ("**Truck**") filed against Jonathan

Rosen ("**Mr. Rosen**") in the Supreme Court of the State of New York, New York County , in

which Reinsurers subsequently intervened.  This District Court has original jurisdiction over this

dispute pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

-2-

**I.      Nature of Action**

1.      This action relates to and arises out of a pending arbitration that is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**Convention**"). 9 U.S.C. §§ 201 *et seq.*; *see also Truck Insurance Exchange v. Certain Underwriters at Lloyd's London, et al.*, 2024 WL 5439268 (C.D. Cal. Nov. 15, 2024) (concluding that Truck's dispute with Reinsurers is subject to the Convention and compelling Truck to arbitrate).

2.      Reinsurers reinsure Truck under various excess-of-loss reinsurance contracts, including an Excess-of-Loss Reinsurance Contract that took effect on June 30, 1973 (the "**Treaty**").

3.      The Treaty contains the following arbitration agreement (the "**Arbitration Agreement**"):

> As a condition precedent to any right of action hereunder, if any dispute shall arise between [Truck] and [Reinsurers] with reference to the interpretation of this Agreement or the rights with respect to any transaction involved, the dispute shall be referred to two Arbitrators, one to be chosen by each party and such Arbitrators shall choose an Umpire before entering upon reference and in the event said Arbitrators not agreeing[,] the decision of said Umpire shall be final and binding upon all parties.  The Arbitrators and the Umpire shall interpret this Agreement as an honourable engagement and they shall make their award with a view to effecting the general purpose of this Agreement in a reasonable manner, rather than in accordance with a literal interpretation of the language.  Said arbitration to take place in Los Angeles, California.

-2-

4.     In 2024, Truck submitted bills to Reinsurers under the Treaty with respect to amounts that Truck paid on behalf of one its insureds, Kaiser Cement (the "**Kaiser Billings**")

5.     Reinsurers disputed and denied the Kaiser Billings.

6.     On May 24, 2024, two of the Reinsurers, Certain Underwriters at Lloyd's London ("**Underwriters**") and Tenecom Limited ("**Tenecom**"), demanded arbitration with respect to the Kaiser Billings in accordance with the Treaty's Arbitration Agreement (the "**Arbitration**").

7.     As set forth above, the Arbitration Agreement allows each party to appoint one arbitrator and for the two party-appointed arbitrators to select a third (the "**Umpire**").

8.     On July 22, 2024, Underwriters and Tenecom appointed Mr. Rosen as their arbitrator.

9.     On September 12, 2024, the remaining Reinsurers joined in the Arbitration and also appointed Mr. Rosen as their party-appointed arbitrator.

10.     On June 20, 2024, in violation of the Treaty's Arbitration Agreement, Truck filed suit in the Superior Court of California, County of Los Angeles, seeking to avoid arbitrating the dispute over the Kaiser Billings.  Reinsurers, in turn, removed the action to the U.S. District Court for the Central District of California on September 23, 2024, based on the Court's original subject matter jurisdiction over disputes relating to arbitration agreements subject to the Convention. *See Truck Insurance Exchange v. Certain Underwriters at Lloyd's London, et al.*, Case No. 2:24-cv-08157-SB-JC (C.D. Cal.) (the "**Federal California Action**").

11.     Reinsurers then moved to compel Truck to arbitrate. *See* Federal California Action, Dkt. No. 31 (Motion to Compel Arbitration).

12.     On November 15, 2024, the United States District Court for the Central District of California granted Reinsurers' Motion to Compel Arbitration, finding, with "little difficulty," that

the parties' dispute fell within the parties' arbitration agreement, which was subject to the Convention. *Truck Insurance Exchange,* 2024 WL 5439268 at *2-4 (C.D. Cal. Nov. 15, 2024).

13. Truck and Reinsurers subsequently disagreed about the appointment of the Umpire.

14. On January 7, 2025, Truck and Reinsurers entered into an Umpire Selection Agreement that (among other things) expressed the parties' agreement that the Arbitration would be a consolidated proceeding encompassing "all [the parties'] disputes concerning Truck's Kaiser Cement losses and the Reinsurance Contracts."

15. On April 2, 2025, the Umpire was selected.

16. On May 30, 2025, the parties and the arbitration panel participated in an organizational meeting. In advance of the organizational meeting, each member of the arbitration panel made disclosures. At the organizational meeting, both Truck and Reinsurers had an opportunity to question each member of the arbitration panel about their disclosures. Truck asked Mr. Rosen no questions.

17. On May 30, 2025, Truck and Reinsurers entered into a Hold Harmless Agreement, wherein "the parties unanimously found that no member of the Panel has any conflict of interest that would make him or her unfit to serve" in the Arbitration. The Hold Harmless Agreement also memorialized that "the parties accept the Panel as being without conflicts of interest and duly constituted to hear the matter(s) under dispute in this arbitration."

18. On January 26, 2026, after document discovery in the Arbitration was completed, Truck filed suit in the Supreme Court of New York, New York County seeking to disqualify or

otherwise enjoin Reinsurers' party-appointed arbitrator, Mr. Rosen, from participating in the Arbitration.  See Index No. 650475/2026 (the "**Arbitrator Injunction Action**").

19.    On January 27, 2026, Truck filed an Order to Show Cause in the Arbitrator Injunction Action, seeking a temporary restraining order and preliminary injunction enjoining Mr. Rosen's continued participation in the Arbitration.  Trucks request is still pending.

20.    Truck styled its claims against Mr. Rosen in the Arbitrator Injunction Action as (I) Breach of Fiduciary Duties, (II) Declaratory Relief, and (III) Injunctive Relief, but the only relief that Truck seeks is an order disqualifying Mr. Rosen from acting as Reinsurers' party arbitrator and an injunction barring Mr. Rosen from participating in the Arbitration.  *See* Arbitrator Injunction Action, NYSCEF Doc. No. 1.

21.    The Supreme Court of New York allowed Reinsurers to intervene as defendants in the Arbitrator Injunction Action.  A copy of that Order is attached as **Exhibit A.**

22.    Pursuant to 28 U.S.C. §§ 1446(a), copies of all publicly filed process, pleadings, and orders served on Reinsurers are attached as **Exhibit B**.

23.    Many of the pleadings, motions and exhibits filed in the Arbitrator Injunction Action were filed under restricted status and subject to pending motion(s) to seal in the Supreme Court of New York.  Those documents are attached as **Exhibit C**, which will be filed along with a request to seal pursuant to the Local Rules**.**

24.    A copy of the NYSCEF Document List for Arbitrator Injunction Action is attached as **Exhibit D**.

**II.    The Parties**

25.    Upon information and belief, Truck is an inter-insurance exchange organized under the laws of the State of California with a principal place of business in Los Angeles, California.

26.     Upon information and belief, Mr. Rosen is a natural person and domiciliary of New York.

27.     Underwriters are a collection of insurance syndicates that were organized under the laws of the United Kingdom.  Each of the syndicates subscribing to the Treaty is comprised of individuals who were engaged in the business of extending reinsurance coverage to certain risks that were presented for their consideration through the Lloyd's marketplace located in London, England.

28.     Tenecom is a private limited company organized under the laws of the United Kingdom with its registered office in London, United Kingdom.

29.     The Dominion Insurance Company Limited is a private limited company organized under the laws of the United Kingdom with its registered office in Edinburgh, Scotland.

30.     River Thames Insurance Company Limited ("**River Thames**") is a private limited company organized under the laws of England and Wales with its registered office in London, United Kingdom.  River Thames is successor-in-interest to Defendant St. Katherine Insurance Company Limited).

31.     Catalina Worthing Insurance Limited ("**CWIL**") is a private limited company organized under the laws of the United Kingdom with a registered office in Worthing, United Kingdom.  CWIL is the successor in title to Defendant London and Edinburgh General Insurance Company Limited with respect to business transferred to CWIL under the terms of a 2015 transfer under Part VII Financial Services and Markets Act 2000.

32.     RiverStone Insurance (UK) Limited ("**RIUK**") is a private limited company organized under the laws of the United Kingdom with its registered office in Brighton, East Sussex, United Kingdom.  RIUK is a successor in interest to Ageas Insurance Limited (formerly Bishopsgate Insurance Limited) ("**Ageas**") in respect of the business transferred by Ageas to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 1 April 2020.

33.     National Casualty Company ("**NCC**") is an Ohio corporation with a principal place

of business in Columbus, Ohio.  NCC owns certain liabilities that were underwritten in London per H.S. Weavers Underwriting Agency Limited.

34.    National Casualty Company of America Limited ("**NCCAL**") is private limited company organized under the laws of the United Kingdom with its registered office in London, United Kingdom.  NCCAL owns certain liabilities that were underwritten in London per H.S. Weavers Underwriting Agency Limited.

**III.    This Court Has Federal Question Jurisdiction Over the Proceeding**

35.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203, 205.

36.    Pursuant to 9 U.S.C. § 203:

"An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States  . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

37.    Pursuant to 9 U.S.C. § 205:

"Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement … falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

38.    The Arbitration Agreement indisputably falls under the Convention.  It is an arbitration agreement, in writing, arising out of a legal relationship that is not entirely between citizens of the United States.  *See* 9 U.S.C. § 202.  Most of the Reinsurers are not U.S. citizens. Truck did not dispute that the Arbitration Agreement falls under the Convention in the Federal California Action, and the U.S. District Court for the Central District of California acknowledged that the Arbitration Agreement fell under the Convention when it compelled Truck to proceed with the Arbitration.

39.     The Arbitrator Injunction Action is directly related to the Arbitration Agreement and the Arbitration.  Indeed, the only relief that Truck seeks is to disqualify or otherwise enjoin Mr. Rosen from participating in the Arbitration.  This Court has previously determined that actions involving arbitrator challenges are sufficiently related to arbitrations governed by the Convention to confer subject matter jurisdiction.  *See, e.g., See Endurance Spec. Ins. Ltd. v. Horseshoe Re Limited*, 680 F.Supp.3d 482, 488 (S.D.N.Y. 2023) (vacated on other grounds)("it is hard to conceive of a proceeding more intimately intertwined with an international arbitration than a petition to disqualify and replace the presiding arbitrator."); *accord York Hannover Holding A.G. v. American Arbitration Ass'n*, 794 F.Supp. 118, 122-23 (S.D.N.Y. 1992).

40.     The outcome of the Arbitrator Injunction Action may affect the Arbitration, in that if Truck is successful, Reinsurers will lose their contractual right to proceed in the Arbitration with their duly-appointed arbitrator.  Moreover, even if Truck's Arbitrator Injunction Action is not successful, the pendency of the Arbitrator Injunction Action is likely to affect the Arbitration.  The Arbitration is currently scheduled for a final hearing in October 2026.  The Arbitrator Injunction Action will likely not resolve until sometime in 2027.  Reinsurers may, therefore, be forced to choose between forfeiting their contractual right to appoint the arbitrator of their choosing or to stay the Arbitration until the Arbitrator Injunction Action resolves.  Thus, the Arbitrator Injunction Action is inexorably linked to the Arbitration and the Arbitration Agreement.

## IV.    Procedural Requirements for Removal

41.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly-served Defendants, including Mr. Rosen, consent to removal.

42.     Pursuant to 9 U.S.C. § 205, removal is timely because trial has not yet commenced.

43.     Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York encompasses New York County, New York where

-9-

the Arbitrator Injunction Action is pending.  *See* 28 U.S.C. § 112(b).

44.    Promptly after this filing, Reinsurers will provide written notice to Truck and file a copy of this Notice of Removal with the Supreme Court of New York, New York County.

45.    Reinsurers reserve the right to supplement this Notice of Removal.

46.    Reinsurers reserve the right to assert any jurisdictional or other defenses, including by motion pursuant to Fed. R. Civ. P. 9 and 12.

47.    Reinsurers reserve the right to assert any motion to compel arbitration pursuant to 9 U.S.C. §§ 4 & 206.

48.    Reinsurers reserve the right to seek a stay of this action pursuant to 9 U.S.C. § 3.

49.    Reinsurers reserve the right to request to transfer this action to another court of competent jurisdiction.

WHEREFORE, Reinsurers hereby remove the Arbitrator Injunction Action to the United States District Court for the Southern District of New York.

Dated: New York, New York
     March 2, 2026

Respectfully Submitted,


*/s/ Nicholas M. Lombard*

Nicholas Lombard
Michael P. Mullins (*pro hac vice* application forthcoming)
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, New York 10158
Tel.: (212) 297-5800
nlombard@daypitney.com
mmullins@daypitney.com


*Attorneys for Intervenors-Defendants Certain Underwriters at Lloyd's London; Tenecom Limited; The Dominion Insurance Company Limited; St. Katherine Insurance Company Limited; London & Edinburgh General Ins. Co. Ltd.; Bishopsgate Insurance Company Limited; National Casualty Company; and National Casualty Co. of America Limited*